RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10 / 20 / 11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FRANTZ SHAIDER PAUL,<br>    Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. CV11-00628-A |
| VERSUS | |
| JANET NAPOLITANO, et al.,<br>    Respondents | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Frantz Shaider Paul ("Paul") on April 19, 2011. Paul, a native and citizen of Haiti, contests his continued detention, since December 6, 2010, by the Bureau of Customs and Immigration Enforcement ("ICE") pending his removal from the United States. At the time of filing his petition, Paul was being detained in the LaSalle Detention Center in Trout, Louisiana. The sole relief requested by Paul is release from custody pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

On August 16, 2011, the respondents filed a motion to dismiss Paul's petition (Doc. Item 13), showing through an affidavit by Jammie Ballard, Acting Assistant Field Office Director in Oakdale, Louisiana, that Paul was removed from the United States on August 9, 2011 (Respondents do not show where Paul was removed to) (Doc. Item 13). Since Paul has been released and thus has achieved the

sole relief requested in his habeas petition, Paul's habeas petition has been rendered moot.[1]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Respondents' motion to dismiss (Doc. 13) be GRANTED and that Paul's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

---

[1] It is further noted that an order from this court mailed to Paul on August 17, 2011 (Doc. Item 14), was returned to the Clerk of Court on August 29, 2011, stamped "Returned to Sender, No Longer Here" (Doc. 15). Apparently, after Paul was removed from the United States on August 9, 2011, he failed to provide the court with his new address. Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. Paul's failure to inform the court of his address change within 30 days provides another ground for dismissal of his habeas petition.

**WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 20th day of October, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE